UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM L. BITTERS,

                    Petitioner,

                                        CIVIL ACTION NO. 04-CV-73290-DT
v.                                      HONORABLE BERNARD A. FRIEDMAN

RAYMOND BOOKER,

                    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

        Petitioner William J. Bitters, a state prisoner currently confined at the Ryan Correctional

Facility in Detroit, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights.

Respondent, Raymond Booker, is the warden at that facility.  This matter is before the Court on

Respondent's motion for summary judgment seeking dismissal of the petition as untimely.  For

the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for

failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).  The

Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

I.      **Facts and Procedural History**

        Petitioner pleaded guilty to first-degree criminal sexual conduct in the Lapeer County

Circuit Court on July 16, 1998.  He was sentenced to 15 to 30 years imprisonment on August 24,

1

1998 (sentencing credit amended on August 26, 1998). On September 9, 1998, Petitioner

requested the appointment of appellate counsel. The trial court denied the request for counsel on

September 11, 1998. Petitioner filed a delayed application for leave to appeal the denial of

counsel with the Michigan Court of Appeals, which was denied. *People v. Bitters*, No. 220519

(Mich. Ct. App. Oct. 12, 2000). Petitioner then filed a delayed application for leave to appeal

with the Michigan Supreme Court, which was denied. *People v. Bitters*, 463 Mich. 1011, 624

N.W.2d 737 (April 30, 2001). Petitioner did not file an application for leave to appeal his

conviction in accordance with Michigan Court Rule 7.205(F).

On April 9, 2003, Petitioner filed a motion to quash in the trial court asserting that his

conviction should be vacated on jurisdictional grounds. The trial court denied relief in an order

dated April 30, 2003. Petitioner then filed a delayed application for leave to appeal this decision

with the Michigan Court of Appeals, which was denied. *People v. Bitters*, No. 248642 (Mich.

Ct. App. Sept. 24, 2003). Petitioner also filed an application for leave to appeal with the

Michigan Supreme Court, which was denied. *People v. Bitters*, 470 Mich. 856, 679 N.W.2d 73

(April 30, 2004).

Petitioner dated his petition for writ of habeas corpus August 4, 2004 and it was filed by

the Court on August 27, 2004. In his pleadings, Petitioner challenges the state courts' rulings on

his motion to quash, the effectiveness of trial counsel, and the state courts' refusal to grant an

evidentiary hearing on his jurisdictional issue. Respondent filed the instant motion for summary

judgment (as part of the answer to the petition) on March 2, 2005 contending that the petition

should be dismissed for failure to comply with the one-year statute of limitations applicable to

federal habeas actions. Petitioner filed a response to the motion and answer asserting that

2

limitations period should not bar his claims because the state courts did not rely on such a procedural rule to deny him relief.  Petitioner also contends that his claims have merit.

Following a review of the pleadings, this Court appointed counsel for Petitioner because the record revealed that Petitioner was denied counsel in seeking leave to appeal his guilty plea conviction in the Michigan Court of Appeals.  *See Halbert v. Michigan*, _ U.S. _, 125 S. Ct. 2582 (June 23, 2005) (holding that due process and equal protection require appointment of counsel for indigent defendants convicted on pleas who seek review in the Michigan Court of Appeals).[1]  Counsel subsequently consulted with Petitioner, and counsel and Petitioner filed status reports with the Court indicating that Petitioner is unwilling to voluntary dismiss or hold in abeyance his habeas case and return to the state courts on the appellate counsel issue.  Given these circumstances, the Court shall rule on the pending motion for summary judgment.

II.   **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

---

[1]The issue of whether *Halbert* applies retroactively to cases on collateral review is pending before the United States Court of Appeals for the Sixth Circuit in *Simmons v. Metrish*, (Docket No. 03- 2609).  If *Halbert* is given retroactive application, Petitioner may have a right to a new appeal with appointed counsel in the Michigan Court of Appeals.

limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. Petitioner's direct appeal process in the state courts ended, at the latest, on April 30, 2001 when the Michigan Supreme Court denied leave to appeal regarding his request for appointment of counsel. As noted *supra*, Petitioner did not file an application for leave to appeal in compliance with Michigan Court Rule 7.205(F). Presumably he had 42 days from the Michigan Supreme Court's denial of his application (regarding the appointment of counsel request) in which to do so. *See* Mich. Ct. R. 7.205(F)(4). Petitioner also had 90 days from the Michigan Supreme Court's decision in which to file a petition for writ of certiorari with the United States Supreme Court. *See* Rule 31(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his conviction became final, at the latest, on July 29, 2001. Petitioner was thus required to file

4

his federal habeas petition on or before July 29, 2002, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion to quash until April, 2003. Thus, the one-year limitations period had expired before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings concerning the motion to quash did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. Petitioner's habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to

5

determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In this case, Petitioner sets forth no circumstances which caused him to institute his state court collateral proceedings after the expiration of the one-year limitations period.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has recently held that a credible claim of actual innocence may

6

equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190.  As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing.  His contention that his habeas claims have merit does not state a claim of actual innocence -- nor does it justify tolling the limitations period.  *See Holloway*, 166 F. Supp. 2d at 1191; *see also Loving v. Mahaffey*, 27 Fed. Appx. 925, 926 (10th Cir. 2001) (noting that claim of actual innocence is difficult to establish particularly when the defendant pleads guilty to the offense); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D.N.Y. 2003) (same).  Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## III.   Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.  Respondent's motion for summary judgment shall therefore be granted and this case dismissed.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated, the Court concludes that reasonable jurists would not find the Court's procedural ruling debatable. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

8

Accordingly;

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


    s/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED:  ___March 14, 2006